**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHAVI GOLDBERG, on behalf of herself and all others similarly situated, | Civil Action Number: |
| Plaintiffs, | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT** **AND** **DEMAND FOR JURY TRIAL** |
| ALLIED INTERSTATE, LLC, | |
| Defendant. | |

Plaintiff CHAVI GOLDBERG (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Varacalli & Hamra, LLP against Defendant ALLIED INTERSTATE, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of numerous federal and state laws.

1

4. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," as well as 21 NYCRR §1, New York Administrative Code §20-700, and New York General Business Law §349, each of which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3) and by 23 NYCRR §1.

7. Defendant is a debt collection agency with its principal place of business located in the State of Minnesota.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6) and by 23 NYCRR §1.

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about January 30, 2017; and (a) the collection letter was sent to a consumer seeking payment of

a personal debt purportedly owed to SYNCHRONY BANK ("Creditor"); and

(b) the collection letter was not returned by the postal service as undelivered;

(c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692g, for sending a collection letter which, among other things, fails to adequately inform and/or misleads the consumer regarding the amount of debts owed and his or her rights as a debtor.

- The Class period begins one year to the filing of this Action.

11.  The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether Defendant violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if

3

so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS PARTICULAR TO CHAVI GOLDBERG

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to January 30, 2017, an obligation was allegedly incurred by Plaintiff to Creditor.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA and by 23 NYCRR §1.

16. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA and by 23 NYCRR §1.

18. At a time known only to Defendant, Creditor, directly or through an intermediary, contracted Defendant to collect on an alleged debt owned by Creditor.

19. In its effort to collect on same, Defendant contacted Plaintiff by written correspondence on January 30, 2017 (hereinafter the "letter" or "correspondence").   A copy of the correspondence is attached herein as **Exhibit A.**

20. Said letter states that the creditor to whom the debt is owed is Creditor

21. Said letter further states that the "Total Account Balance: $376.00"

22. Said letter further states that the "Amount Now Due: $154.00"

23. Said letter further states, "Because the creditor continues to assess interest and late fees on the debt, the amount due on the day you pay may be greater. Hence, if you pay the Total Account Balance shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you of any remaining balance."

24. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2) and as intended by 23 NYCRR §1.

25. As set forth in the following Counts, Defendant's communication violated numerous state and federal laws.

**First Count**
**Violations of 15 U.S.C. § 1692g**
**Validation of Debts**

26. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

27. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28. One such request is that the debt collector provides "the amount of debt." 15 U.S.C. § 1692g(a)(1).

29. A debt collector has the obligation not just to convey the amount of debt, but also to convey such clearly.

30. A debt collector has the obligation not just to convey the amount of debt, but also to state such explicitly.

31. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

32. When determining whether the amount of debt owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

33. Defendant's letter fails to clearly and explicitly state the amount due.

34. Defendant's letter lists that the "Total Account Balance:" is $376.00.

35. However, directly below such, Defendant's letter also states "Amount Now Due: $154.00."

36. Defendant's letter identifies a larger "Total Account Balance:" than the "Amount Now Due:" as of the date of the letter.

37. Defendant's letter fails to explain why there is a difference between the amount of the judgment and the amount due as of the date of the letter.

38. The least sophisticated consumer would be confused as to the amount due in order to pay off the debt.

39. Defendant failed to explicitly state the amount of debt.

40. Defendant failed to clearly state the amount of debt.

41. Defendant has violated §1692g as it failed to clearly and explicitly convey the amount of debt.

42. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

43. Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

## Second Count
### Violation of 15 U.S.C. § 1692e(2)
### False or Misleading Representations Regarding Amount of Debt Due

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

45. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

47. Where a material statement can be read more than one way, one of which being incorrect, the collection letter is false or misleading.

48. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

49. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the amount of debt is unfair and deceptive to the least sophisticated consumer.

50. Here, Defendant altered the amount due while omitting any reason for such deduction and whether a discount or payment was applied to the original amount.

51. The least sophisticated consumer could read the collection letter to mean "Total Account Balance:" amount to be the amount that satisfies the debt.

52. The least sophisticated consumer could read the collection letter to mean that the "Amount Now Due" amount to be the amount that satisfies the debt.

53. Only one of the two readings can be correct.

54.  The least sophisticated consumer would likely be misled by Defendant's conduct.

55.  The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

56.  Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### **Third Count**
### **15 U.S.C. §1692g**
### **Failure to Adequately Convey the Amount of the Debt**

57.  Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

58.  15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

59.  One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

60.  A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

61.  Defendant's letter lists that the "Total Account Balance:" is $376.00.

62.  However, directly below such, Defendant's letter also states "Amount Now Due: $154.00."

63.  Said letter further states, "Because the creditor continues to assess interest and late fees on the debt, the amount due on the day you pay may be greater. Hence, if you pay the Total Account Balance shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you of any remaining balance."

64. Defendant's letter fails to explain why there is a difference between the amount of the judgment and the amount due as of the date of the letter.

65. Defendant's letter fails to explain and expressly indicate if the $154.00 amount is an offer to settle the balance of the debt.

66. Further, the letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72. 76 (2d Cir. 2016).

67. The letter fails to include the "safe harbor" language concerning the accrual of interest and/or fees as set forth in *Jones v. Midland Funding, LLC,* 755 F. Supp. 2d 393, 398 (D. Conn. 2010), *adhered to on reconsideration,* No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr.11, 2012).

68. The letter fails to advise Plaintiff of the amount of potential interest charges that may accrue.

69. The letter fails to advise Plaintiff of the amount of potential late fees.

70. The letter fails to advise Plaintiff of the amount of money the "Total Account Balance" will increase per day.

71. The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase per week.

72. The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase per month.

73. The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase in any measurable period.

74. The letter fails to advise Plaintiff of the amount of money the "Amount Now Due" will

increase per day.

75. The letter fails to advise Plaintiff of the amount of money the "Amount Now Due" as of the date of the letter will increase per week.

76. The letter fails to advise Plaintiff of the amount of money the "Amount Now Due" as of the date of the letter will increase per month.

77. The letter fails to advise Plaintiff of the amount of money the "Amount Now Due" as of the date of the letter will increase in any measurable period.

78. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

79. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Total Account Balance: $376.00" at any time after the receipt of the letter.

80. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Amount Now Due: $154.00" at any time after the receipt of the letter.

81. The least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of fees, interest, or other charges.

82. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable fee.

83. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

84. For these reasons, Defendant failed to clearly state the amount of the debts.

85. For these reasons, Defendant failed to unambiguously state the amount of the debts.

86. The least sophisticated consumer would be confused as to how she could satisfy the debt.

87. The least sophisticated consumer will be confused as to what he actually owes.

88. For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

89. For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debt.

90. Defendant violated 15 U.S.C. § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of debt.

**Fourth Count**
**Violation of 15 U.S.C. §§ 1692e**
**False or Misleading Representations**

91. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

92. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

93. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

94. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

95. As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the amount due was static.

96. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the amount due was dynamic due to the continued

accumulation of charges and interest or because of unexplained deductions between the "Amount Now Due" amount and the "Total Account Balance" amount.

97. Because the letters are susceptible to an inaccurate reading by the least sophisticated consumer, they are deceptive under 15 U.S.C. § 1692e.

98. Because the letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

99. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### Third Count
### Violation of 23 NYCRR §1.2
### Failure to Adequately Convey the Amount of the Debt

100. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

101. Pursuant to 23 NYCRR §1.2(b),

> Within 5 days after the initial communication with a consumer in connection with the collection of any charged-off debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, provide the consumer clear and conspicuous written notification of the following:
>
> > (1) The name of the original creditor; and
> > (2) An itemized accounting of the debt, including:
> > (i) the total amount of the debt due as of charge-off;
> > (ii) the total amount of interest accrued since charge-off;
> > (iii) the total amount of non-interest charges or fees accrued since charge-off;
> > (iv) the total amount of payments made on the debt since the charge-off.

102. A debt collector has the obligation not just to convey the amount of the debt, but also to itemize the accounting of the debt, and list the total amount of debt due as of

charge-off, the total amount of interest accrued since charge-off, the total amount of non-interest charges or fees accrued since charge-off, and the total amount of payments made on the debt since the charge-off.

103. In the instant case, the letter simply states that the debt is owed to Creditor, that the current balance as "Total Account Balance: $376.00," and the amount due as "Amount Now Due: $154.00."

104. Said letter further states, "Because the creditor continues to assess interest and late fees on the debt, the amount due on the day you pay may be greater. Hence, if you pay the Total Account Balance shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you of any remaining balance."

105. Plaintiff's debt has accumulated as a result of an alleged use of his Banana Republic Credit Card, which is subject to a default APR rate of at least between 15%-25% in interest.

106. Banana Republic Credit Card credit card debt continues to accrue at the default APR rate of at least between 15%-25%.

107. The letter fails to advise Plaintiff of the amount of potential interest charges that may have accrued since charge-off.

108. The letter fails to advise Plaintiff of the amount of potential non-interest, late, or convenience fees/charges that may have accrued since charge-off.

109. The letter fails to advise Plaintiff of the total amount of payments made on the account since charge-off.

110. The letter fails to advise Plaintiff what allocation of the balance due accumulated as a result of interest charge accruals.

14

111. The letter fails to advise Plaintiff what allocation of the balance due accumulated as a result of non-interest, late, or convenience fee accruals.

112. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

113. The least sophisticated consumer could reasonably believe that the current debt is $376.00, and did not accrue any interest or non-interest charges.

114. The least sophisticated consumer could reasonably believe that the current debt is $154.00, and did not accrue any interest or non-interest charges.

115. The least sophisticated consumer could reasonably believe that the $154.00 amount is an offer to settle the full balance, and does not include any accrued interest or non-interest charges.

116. The least sophisticated consumer could also reasonably believe that the $376.00 amount encompasses a significant amount of interest and non-interest charges therein.

117. If interest or non-interest charges have accrued, the least sophisticated consumer would not know how to satisfy the debt because he would not known how much of the balance accumulated as a result of the debt or as of a result of interest or non-interest charges.

118. For these reasons, Defendant failed to clearly state the amount of the debts.

119. For these reasons, Defendant failed to unambiguously state the amount of the debts.

120. The least sophisticated consumer will be confused as to what he actually owes.

121. For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

122. For these reasons, the letter would likely make the least sophisticated consumer

confused as to the amount of the debt.

123. Defendant violated 15 U.S.C. § 1692g as it failed to clearly, explicitly and

unambiguously convey the amount of debt.

### Fourth Count
### Violation of New York Administrative Code §20-700

### Unfair Trade Practices

124. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

125. Pursuant to New York Administrative Code §20-700, "No person shall engage in   any

deceptive or unconscionable trade practice… in the collection of consumer debts."

126. Pursuant to New York Administrative Code §20-701, "Deceptive trade practice" is

defined as:

> Any false, falsely  disparaging, or misleading oral or written statement, visual
> description   or other representation of any kind made in connection with… the
> collection of consumer debts, which has the capacity, tendency or effect of
> deceiving  or  misleading   consumers.

127. Pursuant to New York Administrative Code §20-701, "Unconscionable trade practice"

is defined as:

> Any act or practice   in connection with… the collection   of consumer  debts
> which  unfairly  takes  advantage  of  the  lack  of   knowledge,  ability,
> experience or capacity of a consumer

128. While §20-701 specifically prohibits certain practices, the list is non-exhaustive, and

does not preclude a claim of falsity or deception based on non-enumerated practice.

129. A collection letter is also deceptive under New York Administrative Code §20-700 if it

is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

130. As previously alleged, the least sophisticated consumer could reasonably believe that the

current debt is $376.00, and did not accrue any interest or non-interest charges.

131. Also as previously alleged, the least sophisticated consumer could reasonably believe that the current debt is $154.00, and did not accrue any interest or non-interest charges.

132. Moreover, the least sophisticated consumer could reasonably believe that the $154.00 amount is an offer to settle the full balance, and does not include any accrued interest or non-interest charges.

133. Further, as previously alleged, the least sophisticated consumer could also reasonably believe that each of the alleged balances encompasses a significant amount of interest and non-interest charges therein.

134. If interest or non-interest charges have accrued, the least sophisticated consumer would not know how to satisfy the debt because he would not known how much of the balance accumulated as a result of the debt or as of a result of interest or non-interest charges.

135. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, they are deceptive under New York Administrative Code §20-700.

136. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under New York Administrative Code §20-700.

137. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, they are unconscionable under New York Administrative Code §20-700.

138. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are unconscionable

under New York Administrative Code §20-700.

139. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

140. Defendant maintained knowledge of proper and legal collection practices which it knew that Plaintiff, and other consumers similarly situated, lacked.

141. Defendant's conduct as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

142. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

143. Defendant's conduct was sent in an effort to collect an alleged consumer debt.

144. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

145. Plaintiff is a reasonable consumer.

146. Defendant's conduct would mislead a reasonable consumer.

147. Defendant engaged in a material deceptive and unconscionable act or practice as described herein.

148. Defendant's conduct caused plaintiff to suffer injury.

149. Defendant violated New York Administrative Code §20-700 by using a false, deceptive, unconscionable and misleading representation in its attempt to collect a debt.

**Fifth Count**
**Violation of New York General Business Law §349**

**Material Deception Acts**

150. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

151. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care

152. Defendant's conduct as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

153. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

154. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

155. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

156. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

157. Plaintiff is a reasonable consumer.

158. Defendant's conduct would mislead a reasonable consumer.

159. Defendant engaged in a material deceptive act or practice as described herein.

160. Defendant's conduct caused plaintiff to suffer injury.

161. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and

(b)     certifying Plaintiff as Class representative, and Salim Katach, Esq., as

        Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys'

        fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Enjoining Defendant from future collection activity that would lead to

        violations of the aforementioned violations of state and federal law,

        including use of the form letter as portrayed in Exhibit A;

(g)     Awarding Plaintiff and the Class such other and further relief as this Court

        may deem just and proper.


Dated: December 15, 2017

                                        Respectfully submitted,

                                        By:   /s/ Salim Katach
                                        Salim Katach, Esq. (SK0924)
                                        Varacalli & Hamra, LLP
                                        32 Broadway, Suite 1818
                                        New York, New York 10004
                                        Phone:  (646) 590-0571
                                        *Attorneys for Plaintiff*


## DEMAND FOR TRIAL BY JURY

        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

_/s/ Salim Katach_____
Salim Katach, Esq. (SK0924)

Dated: December 15, 2017